Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 cr 923-22 | **DATE** | July 12, 2001 |
| **CASE TITLE** | *United States of America v. Henry Rodriguez* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum and order, defendant Henry Rodriguez's motion for a renewed pretrial release and detention hearing is DENIED.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | JUL 20 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 537 |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 JUL 17 AM 8:26 | | |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**DOCKETED**
JUL 2 0 2001

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.      ) | 98 cr 923-22 |
| ) | |
| HENRY RODRIGUEZ ) | |

## MEMORANDUM AND ORDER

Defendant Henry Rodriguez moves this court pursuant to 18 U.S.C. § 3142(f) to reopen his motion for pretrial release and to conduct a new detention hearing based on information that did not exist at the time of his previous detention hearings before Magistrate Judge Levin and Magistrate Judge Ashman. Rodriguez is charged with conspiring to possess with intent to distribute and to distribute more than five kilograms of cocaine and fifty grams of crack cocaine and faces a mandatory minimum sentence of ten years imprisonment to a maximum term of life imprisonment under 21 U.S.C. § 841(b)(1)(A)(ii) (the "Controlled Substances Act"). For the following reasons, Rodriguez's motion is DENIED.



I.  *Background*

On April 24, 2000, a criminal complaint and an arrest warrant were issued for Rodriguez. On April 27, 2000, a federal grand jury indicted Rodriguez on the present charges against him. On May 12, 2000, the police encountered Rodriguez during a traffic stop and arrested him upon discovering the outstanding arrest warrant.

The indictment charges Rodriguez with conspiring with several individuals to possess with intent to distribute and to distribute in excess of 100 kilograms of mixtures containing cocaine and cocaine base, as well as mixtures containing heroin. On May 17, 2000 Magistrate Judge Levin, sitting in for Magistrate Judge Ashman held a detention hearing. At the conclusion of the hearing, Magistrate Judge Levin ordered Rodriguez detained finding that he was a potential flight risk and posed a danger to the safety of the community. He based his ruling on the grand jury's finding of probable cause and because the charges against Rodriguez gave rise to a rebuttable presumption that no condition or no combination of conditions would reasonably assure the appearance of Rodriguez in court or ensure the safety of the community. 18 U.S.C. § 3142(e). His order of detention of Rodriguez was without prejudice.

On June 9, 2000, Rodriguez renewed his motion for pretrial release before Magistrate Judge Ashman. Magistrate Judge Ashman also denied Rodriguez's motion, likewise finding that he posed both a risk of flight and a threat danger to the community. In addition to the nature of the charges against him and the potential severe punishment he faces, Magistrate Judge Ashman also based his findings on facts in Rodriguez's background: Rodriguez was not steadily employed at the time of his arrest and had no assets; there was insufficient equity in the home his godfather was willing to

2

post as bond; and most importantly, Rodriguez's bond forfeiture on three prior occasions from October 1994 to June 1996. Therefore, Magistrate Judge Ashman ruled that no condition or combination of conditions would have reasonably assured the protection and safety of the community or assure that Rodriguez would appear in court.

## II. *Discussion*

### A. Rebuttable Presumption

Rodriguez is alleged to have committed a violation of 21 U.S.C. § 841(b)(1)(A)(ii) and faces a mandatory minimum sentence of ten years up to a maximum sentence to life imprisonment. Magistrate Judge Levin found and Magistrate Judge Ashman upheld a finding of probable cause that Rodriguez had committed an offense for which he is subject to a maximum term of ten years or more as provided by the Controlled Substances Act. Therefore, under 18 U.S.C. § 3142(e), a rebuttable presumption applies that no condition or combination of conditions would be sufficient to protect the community and guarantee his presence at trial. *United States v. Portes*, 786 F.2d 758, 763 (7th Cir. 1985).

The presumption shifts the burden of production, but not the burden of persuasion onto the defendant. The presumption is rebutted when a defendant comes forth with evidence that "he will not flee or endanger the community if released. Once this burden of production is met, the presumption is 'rebutted.'" *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986); *Portes*, 786 F.2d at 764.

B.  **Requirements Under 18 U.S.C. § 3142(g).**

Title 18 U.S.C. § 3142(g) sets forth certain requirements for a judicial officer to take into account when considering whether there are "conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. Specifically, § 3142(g) provides:

Factors to be considered.-- The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning –

> (1) the nature and circumstances of the offense charge, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, he was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Seventh Circuit has held that "a finding of either danger to the community or risk of flight will be sufficient to detain the defendant pending trial." *Portes,* 786 F.2d at 765; *United States v. Daniels,* 772 F.2d 382, 383 (7th Cir. 1985).

4

Magistrate Judge Levin and Magistrate Judge Ashman adequately supported their rulings that, after considering the factors set forth in § 3142(g), Rodriguez had not rebutted the presumption against pretrial release. Additionally, they each found that Rodriguez posed a danger to the community and a risk of flight.

Both Magistrate Judge Levin and Magistrate Judge Ashman concluded that the seriousness of the crime Rodriguez is charged with made him a risk of flight. At the June 9, 2000 hearing before Magistrate Judge Ashman, the Government proffered an affidavit by FBI Special Agent Angela Haun which summarized the investigation of Rodriguez, including statements by alleged co-conspirators that implicated him. The Government also proffered a transcript of a telephone conversation between two alleged co-conspirators, Juan Martir and Joseph Miedzianowski which implicated Rodriguez in a Miami to Chicago cocaine distribution ring.

Further, Magistrate Judge Ashman noted that "the best indication that I can think of" of whether Rodriguez represented a risk of flight is his prior record while on bond. On this score, Magistrate Judge Ashman was negatively impressed by Rodriguez's bond forfeitures on three occasions. Thus, Magistrate Judge Ashman denied Rodriguez's renewed motion for pretrial release.

### III. *Additional Relevant Information*

Rodriguez concedes that the rebuttable presumption applies and he raises no quarrel with either of the Magistrate Judge's ruling. However, he argues that his motion should be granted because new information has surfaced that was not available to Magistrate Judge Levin and Magistrate Judge Ashman. Further, Rodriguez points to

5

the pretrial services report which recommended that Rodriguez should be released subject to certain conditions.

First, Rodriguez asks the court take into consideration his hard upbringing that included severe violence in his home. He also states that his family is in dire financial straits and needs his support. He states that in his absence, his family is deteriorating without his emotional and financial support. He states that he worked with a security systems firm for four years (from 1992 to 1996) and often worked sixty-hour weeks. Rodriguez states that he has been offered full-time employment positions that will allow him to support his family.

Rodriguez also has several immediate family members in the Chicago area including his common-law wife and four children, mother and brother. His mother is physically paralyzed and he describes his brother as developmentally challenged. Therefore, they are both unable to work. Additionally, Rodriguez has siblings who live in Wisconsin.

If released, Rodriguez represents that he has at least two places to live in Chicago.

He also states that his common-law wife and godfather have volunteered to be third-party custodians. Further, Rodriguez asserts that his godfather is willing to post his home as security for bond. Rodriguez also claims that fellow church members of Rodriguez's have stated that they are willing to post their home as bond.

Rodriguez also states that he is a valued member of his church and many of its members will support him if he is released on bond.

Rodriguez argues that he does not pose a risk of flight because of his sense of duty to his family and those who have volunteered to make sacrifices to assist him obtain pre-trial release.

Rodriguez also points to the May 16, 2000 pretrial services report which recommended that Rodriguez be released on a secured bond subject to conditions. Specifically, the report suggested that the following special conditions could reasonably assure Rodriguez's return to court:

(1) Release to the custody of a third-party custodian;

(2) Pretrial Services supervision;

(3) Seek/maintain verifiable employment

(4) Restrict travel to the Northern District of Illinois;

(5) No change of address without prior approval from Pretrial Services.
Pretrial services also suggested the following admonitions to limit the potential of posing danger to the community:

(6) Refrain from use or unlawful possession of a controlled substance

(7) Refrain from possession of a firearm or any other dangerous weapon

(8) Refrain from any contact with co-defendants in the instant offense.

In the report, pretrial services also noted that Rodriguez's three prior bond forfeitures, unemployment, and "unverified background information" are factors which heightened the risk of flight. Further, the report agrees that the nature of the offense alleged and Rodriguez's criminal history are factors which indicate that he presents a threat of danger to the community.

The court concludes that the additional information that Rodriguez has provided the court, to the extent that it is relevant, does not budge the presumption that no condition or combination of conditions exist that would guarantee Rodriguez's return to court or assure the safety of the community. Notwithstanding the recommendation of pretrial services, the court does not see cause to revisit the conclusions of Magistrate Judge Levin and Magistrate Judge Ashman. Rodriguez clearly poses a risk of flight and represents a danger to the community -- risks that are especially keen considering that he has forfeited bond on three prior occasions and because his co-defendants were convicted on all counts at trial in April 2001. Therefore, not withstanding the additional evidence which Rodriguez offers for the court's consideration, the court denies his renewed motion for a detention hearing.

## CONCLUSION

For the reasons stated above, Rodriguez's motion for pretrial release and detention hearing is DENIED.

Blanche M. Manning, U.S.D.J.

Dated: 7/12/01